UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES BELL,

                      Plaintiff,

      -v-

INTERGEN HEALTH MANAGEMENT,

                      Defendant.

22 Civ. 7338 (JPC)

ORDER OF SERVICE

---

JOHN P. CRONAN, United States District Judge:

    Plaintiff James Bell, who appears *pro se* and brings this action invoking the Court's federal question jurisdiction, asserts that the bases for his claims are "rac[ial] discrimination and [an Americans with Disabilities Act] violation." Dkt. 4 at 3. He sues Defendant Intergen Health Management, of the Bronx, New York. The Court construes Plaintiff's amended complaint as asserting a claim under 42 U.S.C. § 1981 and claims under state law.

    By order dated November 1, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court directs service on Defendant.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within ninety days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued. The Court therefore extends the time to serve until ninety days after the date that a summons is issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the U.S. Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons for Defendant and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the amended complaint is not served within ninety days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to issue a summons for the defendant; complete a USM-285 form with the address for the defendant; and deliver all documents necessary to effect service of a summons and the amended complaint, Dkt. 4, on Defendant to the U.S. Marshals Service.

SO ORDERED.

Dated: November 4, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Intergen Health Management
292 East 149th Street
Bronx, New York 10451