UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                :
JAMES BELL,                :
                :
          Plaintiff,        :      22 Civ. 7338 (JPC) (GWG)
                :
     -v-              :      ORDER ADOPTING
                :      REPORT AND
INTERGEN HEALTH MANAGEMENT,      :      RECOMMENDATION
                :
          Defendant.       :
                :
------------------------------------------------------------------------ X

JOHN P. CRONAN, United States District Judge:

      In this action, Plaintiff James Bell alleges that a "home attendant" (presumably one employed by Defendant Intergen Health Management) failed to return to his residence after he told her he was black, Dkt. 4 at 4, thereby discriminating against him on the basis of race and violating the Americans with Disabilities Act, 42 U.S.C. § 126 et seq., see Dkt. 4 at 3. Plaintiff initially filed the Complaint, unsigned, on August 26, 2022. Dkt. 2. On August 29, 2022, the Honorable Laura Taylor Swain, Chief United States District Judge, ordered him to sign and submit the signature page to the Complaint. Dkt. 3. On October 28, 2022, he submitted a *pro se* form complaint that was signed but was otherwise virtually identical to the Complaint that initiated this action. Dkt. 4. Judge Swain construed that document as amending that Complaint. Dkt. 5. Following the assignment of the case to the undersigned on November 4, 2022, the Court ordered the United States Marshals Service to serve Defendant with the Summons and Amended Complaint. Dkt. 8.

      While the Complaint and the Amended Complaint both list Defendant's address as being in the Bronx, neither provided an actual street address for Defendant. *See* Dkt. 2 at 4; Dkt. 4 at 4. Initially, then, the Marshals Service attempted to serve Defendant at an address that Court staff

had identified through online research. *See* Dkt. 8 at 3. Service at that address, however, proved unsuccessful. Dkt. 12. Consequently, on March 13, 2023, the Honorable Gabriel W. Gorenstein, to whom this case had been referred, *see* Dkt. 11, ordered Plaintiff to show good cause for why the case should not be dismissed for failure to timely serve Defendant or to provide an address by March 6, 2023 where Defendant might be served. Dkt. 13. As Judge Gorenstein explained in his March 13, 2023 Order, "[w]ithout a valid address, service cannot be made on the defendant." *Id.* That Order was mailed to Plaintiff at the address he listed on the Complaint and Amended Complaint. *See* Mailing Receipt for Dkt. 13, dated Feb. 14, 2023; Dkt. 2 at 5; Dkt. 4 at 5. The docket reflects that Plaintiff failed to submit any further filing containing an address at which Defendant could be served. Consequently, on March 13, 2023, Judge Gorenstein issued a Report and Recommendation, recommending that this case be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure for failure to make timely service. Dkt. 14.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised that the parties had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. Dkt. 14 at 2. Furthermore, the docket

reflects that the Report and Recommendation was mailed to Plaintiff at the address that he listed on the Complaint and Amended Complaint. *See* Mailing Receipt for Dkt. 14, dated Mar. 14, 2023; Dkt. 2 at 5; Dkt. 4 at 5. No objections have been filed and the time for making any objections has passed. Plaintiff has therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601 (2d Cir. 2008).

Because Plaintiff did not object to the Report and Recommendation, the Court has reviewed it for clear error. That review disclosed no clear error. Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Indisputably, more than ninety days have passed both since the Complaint was filed on August 26, 2022, *see* Dkt. 2, and since the Amended Complaint was filed on October 28, 2022, *see* Dkt. 4; the docket does not indicate that Defendant has been served, and Plaintiff failed to comply with Judge Gorenstein's Order dated February 13, 2023 requiring him to show cause why this case should not be dismissed for failure to serve, *see* Dkt. 13. Thus, the plain text of Rule 4(m) authorizes the Court to dismiss this case. Furthermore, while "a district court abuses its discretion when . . . it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service," *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012), Judge Gorenstein did give Plaintiff both notice and an opportunity to show good cause for the failure to timely serve Defendant, Dkt. 13, an opportunity that Plaintiff appears not to have taken.

To be sure, the statute governing proceedings *in forma pauperis* does provide that the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Rule 4(m), in turn, provides that "if the plaintiff shows good cause for the failure [to effect service within the 90-day deadline], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Consequently, the Second Circuit has held that if an incarcerated *pro se* plaintiff provides the Marshals Service with information sufficient to identify a defendant, the Marshals Service's failure to effect service within the deadline imposed by Rule 4(m) constitutes "good cause" under that rule, and therefore a district court abuses its discretion by denying a plaintiff's request for additional time to complete service. *Murray v. Pataki*, 378 F. App'x 50, 51-52 (2d Cir. 2010).

Unlike the plaintiff in *Murray*, Plaintiff here is not incarcerated. But if the principles articulated in *Murray* do apply to all *pro se* plaintiffs proceeding *in forma pauperis*, not just to those who are incarcerated, it is at least arguable that the information Plaintiff has provided would suffice to require that the Court grant any request he might make for an enlargement of time to complete service. Nonetheless, while the Second Circuit has held that *pro se* plaintiffs proceeding *in forma pauperis* are entitled to an extension of time under Rule 4(m) to complete service, it has not required district courts to grant such extensions *sua sponte*; rather, "[i]f a plaintiff proceeding IFP chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so." *Meilleur*, 682 F.3d at 63. When a plaintiff fails to do so, the district court does not abuse its discretion in ordering the case dismissed. *Id.* Here, Plaintiff has not sought an extension of time to complete service, even though Judge Gorenstein specifically ordered him to offer good cause "for failure to effectuate service within 90 days of the date on which the complaint

was filed" as an alternative to providing an alternative address for Defendant. Dkt. 13. Further, in the undersigned's November 4, 2022 Order directing service, the Court advised: "If the amended complaint is not served within ninety days after the date the summons is issued, Plaintiff should request an extension of time for service." Dkt. 8 at 2 (citing *Meilleur*, 682 F.3d at 63). Just as dismissing the case under such circumstances does not constitute the abuse of a court's discretion, *see Meilleur*, 682 F.3d at 63, the Court similarly finds no clear error in Judge Gorenstein's recommendation that this case be dismissed under these circumstances.

For the foregoing reasons, the Court ADOPTS the Report and Recommendation in its entirety. The Amended Complaint is dismissed without prejudice, and the Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

Dated: May 1, 2023
New York, New York

                                     JOHN P. CRONAN
                                    United States District Judge